IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CARDONA, | : | CIVIL NO. 4:CV-10-2269 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, Warden, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court are two (2) motions for reconsideration filed under the provisions of Federal Rule of Civil Procedure 59(e) by petitioner Jose Cardona ("Cardona"), a federal inmate presently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").

In the first motion ("Motion I") (Doc. 26), Cardona seeks reconsideration of our May 10, 2012 order (Doc. 24) deeming a prior motion to be withdrawn as a result of Cardona's failure to file a supporting brief. In his second motion ("Motion II") (Doc. 28), Cardona seeks reconsideration of our May 11, 2012 order denying his motion to re-open the time to file an appeal. For the reasons set forth below, Cardona's motions will be denied.

## I.   Background

The above-captioned action was initiated by Cardona on November 2, 2010 by filing a pro se petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2241. (Doc. 1.) In his petition, Cardona alleged that his right to due process was violated in disciplinary proceedings after which he was found guilty by the Disciplinary Hearing Officer ("DHO")

and sanctioned, <u>inter alia</u>, with a loss of good conduct time.

By memorandum and order dated July 6, 2011, we denied the petition based upon our conclusion that Cardona was afforded all that due process requires in his disciplinary proceedings, the action was not arbitrary, and the DHO's decision was based upon the greater weight of the evidence. (Doc. 8.) Cardona then filed a motion in which he requested that this Court alter, amend, or reconsider our July 6, 2011 memorandum and order under the provisions of Federal Rule of Civil Procedure 59(e). (Doc. 9.) Cardona also filed his third motion to supplement his habeas corpus petition with newly available material facts, which was filed after his petition was denied and this case had been closed. (Doc. 11.) By memorandum and order dated November 28, 2011, we denied Cardona's motion to alter, amend, or reconsider, and we denied as moot his motion to supplement his petition. (Doc. 13.)

On March 26, 2012, nearly four (4) months after we issued our November 28, 2011 order denying Cardona's request for reconsideration of our denial of his habeas petition, Cardona filed a motion pursuant to Fed. R. App. P. 4(a)(6) requesting that we re-open the time to file an appeal to the United States Court of Appeals for the Third Circuit from our November 28, 2011 order. (Doc. 15.) He simultaneously filed a notice of appeal, which was forwarded to the Third Circuit as required by Fed. R. App. P. 3(d), and docketed at Case Number 12-1858. (Doc. 17.) By order dated April 2, 2012, the Third Circuit stayed Cardona's appeal pending our disposition of his motion. (Doc. 18.)

2

On April 9, 2012, after he had filed his notice of appeal and motion to re-open the time to file an appeal, Cardona filed a motion for relief under the provisions of Federal Rule of Civil Procedure 60(b)(2) from our July 6, 2011 order denying his habeas petition on the basis of newly discovered evidence. (Doc. 20.) By order dated May 10, 2012, this Court deemed the motion withdrawn pursuant to Middle District of Pennsylvania Local Rule ("L.R.") 7.5 inasmuch as Cardona never filed a brief in support of the motion. (Doc. 24.) Cardona filed Motion I seeking reconsideration of our May 10 order on May 17, 2012. (Doc. 26.) He simultaneously filed a supporting brief. (Doc. 27.) No opposition has been filed.

By memorandum and order dated May 11, 2012, we denied Cardona's motion to re-open the time to file an appeal.[1] (Doc. 25.) On May 23, 2012, Cardona filed Motion II seeking reconsideration of our May 11 order. (Doc. 28.) He filed a supporting brief on May 30, 2012. (Doc. 30.) An opposition brief has been filed on behalf of respondent. (Doc. 31.) Accordingly, the motion is fully briefed and ripe for disposition. We now turn to an analysis of the pending motions.

## II. Discussion

### A. Legal Standard

Cardona specifies in his pending Motions that he seeks relief under the provisions of Federal Rule of Civil Procedure 59(e). Rule 59(e) provides that motions to alter or amend a

---

[1] The Third Circuit's order staying Cardona's appeal pending our disposition of his motion for an extension of the time to file an appeal provided that the stay would automatically expire upon our entry of an order disposing of the motion. (See Doc. 18.)

judgment must be filed within twenty-eight (28) days of the entry of judgment.  Under Rule

59(e), a party may move to alter or amend a judgment "'to correct clear error [of law] or

prevent manifest injustice.'" Pediatrix Screening, Inc. v. TeleChem Int'l, Inc., 602 F.3d 541,

546 (3d Cir. 2010) (quoting North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194,

1218 (3d Cir. 1995)).  A motion to alter or amend judgment is subject to the "sound

discretion of the district court."  Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267,

272-73 (3d Cir. 2001).  It is improper in seeking reconsideration to attempt to convince the

court to rethink a decision it already has made.  Glendon Energy Co. v. Borough of Glendon,

836 F. Supp. 1109, 1122 (E.D. Pa. 1993).  Such motions also may not be used to give a

dissatisfied party a chance to "[change] theories and try again," obtaining a "'second bite at

the apple.'"  Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

Because federal courts have a strong interest in the finality of judgments, motions for

reconsideration should be granted sparingly.  Continental Cas. Co. v. Diversified Indus., Inc.,

884 F. Supp. 937, 943 (E.D. Pa. 1995).

>    **B.**    **Analysis**

>    **1.**    **Motion I (Doc. 26)**

L.R. 7.5 requires the submission of a brief in support of a motion within fourteen

(14) days and provides that, "[i]f a supporting brief is not filed within the time provided in

this rule the motion shall be deemed to be withdrawn."  Cardona asserts that this Court's

application of L.R. 7.5 to deem his April 9 motion for relief from judgment withdrawn

4

"clearly demonstrates its clear intention to deny petitioner due process under the guise of L.R. 7.5." (See Doc. 27, Cardona's Br., at 2.) Specifically, he argues that the Court committed a manifest error of law in applying L.R. 7.5 to his case because he claims that the rule states that it only applies to "pre-trial" motions in "pro se plaintiff cases." (See Doc. 27 at 2, 3.) Cardona also suggests that the application of the local rules to his case was unfair because he was not provided with notice that they apply to habeas cases or with notice of "Standing Order No. 94-2," which is the standing practice order that the Court issues in pro se plaintiff cases. (See id. at 3.)

Cardona has failed to demonstrate that L.R. 7.5 is inapplicable to his case such that this Court committed a manifest error of law in applying it. Contrary to Cardona's assertion, there is nothing in the language of L.R. 7.5 rule stating that it applies to "pre-trial" motions or solely to "pro se plaintiff cases." Moreover, such an interpretation would be contrary to L.R. 1.1, entitled Application of Rules, which provides that, "[t]hese rules apply to all proceedings in this court whether criminal or civil unless specifically provided to the contrary or not applicable in the context." Cardona has not provided any evidence that a specific provision was made for the local rules not to be applied in his civil habeas case, or that they are not applicable in this context. To the extent Cardona claims that he was unaware of the briefing requirements set forth in L.R. 7.5, this Court would observe that Cardona received notice of the requirements in his other pending litigation at Civil No. 3:11-CV-0054, and he demonstrated his awareness of those requirements in these proceedings when he filed a brief

5

in support of his motion seeking reconsideration of our denial of his habeas petition (see

Doc. 10). Furthermore, where Cardona's motion was deemed withdrawn, not dismissed with

prejudice, no violation of his right to due process is evident because he had the option of re-

filing his motion with a supporting brief. Because we find no basis for reconsideration of our

May 10 order, Cardona's motion for reconsideration will be denied.

### 2.    Motion II (Doc. 28)

In denying Cardona's motion to re-open the time period to appeal from our November

28, 2011 order, we found that Cardona had failed to meet the requirements of Federal Rule of

Appellate Procedure 4(a)(6) necessary to obtain relief. (See Doc. 25.) Specifically, we

determined that Cardona's claim that the Clerk of Court failed to timely provide him with

notice of our November 28 order was contradicted by the record, and specifically the notice

of electronic filing on the docket, which showed that a hard copy of the order was mailed to

Cardona at USP Lewisburg on November 28. (See id. at 4.)

In the instant motion, Cardona asserts that this Court committed a "manifest error" in

failing to search the court docket for the record of service of its November 28, 2011 order

rather than relying on ECF documents. (See Doc. 30, Cardona's Br., at 2.) He contends that

he has not consented to service by electronic filing and alleges that the Office of the Clerk of

Court did not properly record service of this Court's November 28, 2011 memorandum and

order on the docket pursuant to its obligation under Federal Rule of Civil Procedure 77(d).

(See id.) In addition, Cardona asserts that this Court committed a manifest error in failing to

presume that the Clerk of Court received his letters in December 2011 and January 2012 inquiring about his case. (See id. at 4.) Cardona claims that he "also has reason to believe that he is being subjected to a racially motivated conspiratorially planned denial of due process and appeal rights." (See id. at 3.)

Cardona fails to demonstrate that this Court committed a manifest error of law in concluding that the record contradicted his claim that the Clerk of Court failed to timely provide him with notice of our November 28, 2011 order. Cardona asserts that the Court should have searched "the court docket" rather than relying on ECF documents, but the docket as maintained on the CM/ECF System is the official and exclusive record in this matter. Moreover, contrary to Cardona's assertion in the instant motion, the notice of entry of our order was not provided to him electronically. Rather, the receipt that accompanies the November 28 order on the docket reflects that notice of its entry was delivered by mail to Cardona at USP Lewisburg. This receipt is proof that the Office of the Clerk of Court fulfilled its obligation under Rule 77(d) to provide immediate notice of entry of our order, and contrary to Cardona's assertion, presuming that the Clerk of Court received letters from him in December 2011 and January 2012 inquiring about the status of his motion fails to contradict that proof. Finally, in asserting that he is the target of a "racially motivated conspiracy," Cardona fails to show how the Court erred in denying his motion to re-open the time to appeal. Because we find no basis for reconsideration of our May 11 order, Cardona's motion for reconsideration will be denied.

III. **Conclusion**

Based on the foregoing, Cardona's motions for reconsideration (Docs. 26, 28) will be denied. An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: June ﾟﾟ, 2012

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CARDONA, | : | CIVIL NO. 4:CV-10-2269 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, Warden, | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 19th day of June, 2012, in accordance with the foregoing memorandum, it is hereby ORDERED as follows:

1.  Petitioner's motion to alter, amend, or reconsider judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 26) is **DENIED**.

2.  Petitioner's motion to alter, amend, or reconsider judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 28) is **DENIED**.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court