# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CHRISTOBAL CARDONA, | : | CIVIL NO. 4:10-CV-2269 |
| | : | |
| Petitioner, | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| B.A. BLEDSOE, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

### I.     Statement of the Case

The petitioner in this case, Jose Cardona, is a criminal recidivist and prolific *pro se* litigant who has filed multiple actions challenging his current confinement in the Special Management Unit of the United States Penitentiary, Lewisburg, Pennsylvania. In this case Cardona invites us to re-open a habeas petition that was denied in July of 2011. (Doc. 38.) This is at least the sixth unsuccessful effort by Cardona to re-open this July 2011 judgment. (Docs. 9, 11, 15, 20 and 26.)

In this latest effort, Cardona cites Rule 60(b)(2) of the Federal Rules of Civil Procedure as the grounds for reopening this case, and claims that he has newly discovered evidence, but simply proffers an affidavit by an inmate which describes a March 2010 physical encounter between the prisoner and Cardona. Cardona then asks us to infer that this pedestrian declaration is proof of a far-reaching conspiracy. Cardona's "newly discovered" evidence, therefore, is actually evidence of a matter

which occurred more than three years ago, directly involved Cardona, and was presumably known by Cardona for the past three years. Thus, the instant motion rests on legal claims which are lodged in an untimely fashion, and which represent the latest in a series of procedural defaults by the plaintiff. Moreover, Cardona elected to bring these motions more than one year beyond the date of the district court rulings which he seeks to challenge, and well beyond the time limitations generally set by Rule 60 of the Federal Rules of Civil Procedure for motions to re-open cases. Finally, the motion cites to evidence which seems neither newly discovered, nor particularly pertinent to his claim for habeas corpus relief.

For the reasons set forth below, it is recommended that the motions be denied.

## II. Discussion

### A. Rule 60–The Legal Standard

Rule 60 of the Federal Rules of Civil Procedure provides, in part, as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P., Rule 60(b) and (c).

As the text of this rule implies, decisions regarding whether to re-open cases under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Because one of the cardinal considerations in assessing a Rule 60 motion is the public interest in the finality of judgments, Rule 60 motions must be

made in a timely fashion. As the Rule itself states: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P., Rule 60(c).

Here, Cardona's motion to re-open cites Rule 60(b)(2), as the legal grounds upon which the petitioner seeks to re-open this case. At the outset, to the extent that Cardona seeks to rely upon subsection (2) of Rule 60(b), which permits judgments to be re-opened based upon a showing of newly discovered evidence, the plain language of the rule also requires such motions to be filed "no more than a year after the entry of the judgment or order or the date of the proceeding" which a party seeks to re-open. Further, "[t]his time limit is jurisdictional and cannot be extended." Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006). Therefore, the court generally may not entertain untimely motions to re-open a judgment made pursuant to Rule 60(b)(2). Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538 (2d Cir. 1963).

In this case, Cardona concedes that the ruling he seeks to re-open was entered on July 6, 2011. (Doc. 38, ¶1.) Cardona's flawed and abandoned appeal would not toll the one-year deadline. See King v. First Am. Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002). Therefore, Cardona was obliged to file any Rule 60(b) motion no later than July 2012. Judged against these standards, this motion fails as a threshold matter

because it is clearly untimely, having been filed more than one year after the entry of the district court's final July 6, 2011, order in this matter.

More fundamentally, this motion to re-open fails on its merits because Cardona cannot meet the legal threshold for re-opening a judgment based upon newly discovered evidence. "That standard requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial (Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir.1991)). Any party requesting such relief 'bears a heavy burden' (id., quoting Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir.1967))." Compass Tech., Inc. v. Tseng Laboratories, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995).

Here, Cardona's motion fails on all of these scores. The evidence he cites is not new, since it relates to an episode known to Cardona since March 2010. It is completely cumulative of evidence and claims made by Cardona in the past. There is no showing that this evidence could not have been timely obtained through the exercise of reasonable diligence. Finally, the declaration of Cardona's inmate witness regarding this March 2010 incident has dubious materiality and would not have likely changed the outcome of these proceedings if presented at an earlier stage of this litigation.

In sum, this motion to re-open is completely untimely, and wholly lacking in merit. Therefore, it is recommended that the motion be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the petitioner's motion to re-open (Doc. 38.) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of May 2013.

                                        */s/ Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge