# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE CRISTOBAL CARDONA,** | : | **No. 4:10cv2269** |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| **WARDEN B. A. BLEDSOE,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R"). (Doc. 40). The R&R proposes that Petitioner Jose Cristobal Cardona's ("Cardona") motion for relief from judgment (Doc. 38) be denied. Cardona filed objections to the R&R (Doc. 41) making this case ripe for disposition.

## Background

Cardona, a federal inmate presently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania initiated the above-captioned *pro se* action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 2, 2010. (Doc. 1). In his petition, Cardona alleged that his right to due process in a disciplinary proceeding was violated.

On July 6, 2011, the court denied Cardona's petition concluding that Cardona was afforded due process in his disciplinary proceedings, the action was not arbitrary, and the Disciplinary Hearing Officer's decision was based

upon the greater weight of evidence.  (See Doc. 8, Mem. & Order dated July 6, 2011 at 7-10).  Subsequently, Cardona filed five separate motions to re-open the court's decision denying his habeas petition.  (See Docs. 9, 11, 15, 20, 26).  The court denied each motion.  (See Docs. 13, 24, 25, 32).

Presently before the court is Cardona's sixth attempt to seek relief from the court's July 2011 order denying his habeas petition.  (Doc. 38).  In his latest effort, Cardona seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2).  Cardona claims that he has newly discovered evidence justifying relief.

On May 10, 2013, Chief Magistrate Judge Carlson recommended denying Cardona's motion for two reasons.  First, Cardona's motion is untimely because it was filed more than one year after the date of the court's rulings, which is well beyond the time limitations set by Rule 60 of the Federal Rules of Civil Procedure.  Second, Cardona's substantive arguments fail on the merits.

On May 21, 2013, Cardona filed objections to Chief Magistrate Judge Carlson's recommendations.  (Doc. 41).  For the following reasons, Cardona's objections will be overruled and his motion for relief from judgment will be denied.

2

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Cardona objects to the recommendation that we deny his motion for relief from judgment. Specifically, Cardona argues he has newly discovered evidence warranting relief from the judgment. Magistrate Judge Carlson recommends denying Cardona's motion because it is untimely and fails on the merits. After careful review of the record, we agree with Judge Carlson.

The Federal Rules of Civil Procedure provide that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding . . . ." FED. R. CIV. P. 60(b). Those grounds include "(2) newly discovered evidence." FED. R. CIV. P. 60(b)(2). A Rule 60(b) motion must be filed within a reasonable time and when the motion is

3

based on newly discovered evidence, must be filed no more than one year after the entry of judgment or order. Id.

In the present case, the court denied Cardona's habeas petition on July 6, 2011. Thus, Cardona had one year from July 6, 2011 to file his Rule 60(b)(2) motion seeking relief from judgment. Cardona filed a timely motion for relief from judgment on April 9, 2012. (Doc. 20). The court, however, deemed Cardona's motion as withdrawn for failure to file a supporting brief on May 10, 2012. (Doc. 24). Subsequent to receiving the court's May 10, 2012 Order, Cardona failed to file a timely Rule 60(b)(2) motion to replace the withdrawn motion. Instead, Cardona waited almost two years from the July 6, 2011 Order before filing the instant motion.

Cardona argues that his appeal to the Third Circuit tolled the Rule 60(b)(2) one year deadline. The Third Circuit Court of Appeals, however, has held that the one year time limit under Rule 60(b)(2) is not extended by the maintenance of an appeal. Hancock Indus. v. Schaeffer, 811 F.2d 225, 239-40 (3d Cir. 1987). As such, Cardona's Rule 60(b)(2) motion is untimely and his objection will be overruled.

In addition to Cardona's procedural default, his motion fails to illustrate any of the substantive grounds necessary to relieve him from a judgment. Specifically, newly discovered evidence pursuant to Rule 60(b)(2) "requires

4

that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." Compass Tech., Inc., v. Tseng Lab., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995) (citation omitted).

In the instant case, Cardona's motion fails on all three grounds. Cardona's "newly discovered" evidence is a prisoner's affidavit describing a March 2010 physical encounter between the prisoner and Cardona. This affidavit is evidence of a matter that occurred more than three years ago, directly involved Cardona and was presumably known to Cardona for the past three years. Moreover, this evidence is cumulative of evidence submitted by Cardona in the past. Finally, the affidavit is marginally relevant and would not have likely changed the outcome of these proceedings if presented at an earlier stage in litigation. Accordingly, Cardona has failed to establish any of the substantive grounds justifying relief under Rule 60(b)(2) and his objections will be overruled.

**Conclusion**

For the reasons stated above, the court will overrule Cardona's objections to the R&R and adopt the R&R that denied Cardona's motion for relief from judgment. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOSE CRISTOBAL CARDONA, | : No. 4:10cv2269 |
| Petitioner | : |
| | : (Judge Munley) |
| v. | : |
| | : (Chief Magistrate Judge Carlson) |
| WARDEN B. A. BLEDSOE, | : |
| Respondent | : |

## ORDER

**AND NOW**, to wit, this 24th day of June 2013, it is **HEREBY ORDERED** as follows:

1. Petitioner's objections to the Report and Recommendation (Doc. 41 are **OVERRULED**;

2. The Report and Recommendation of Chief Magistrate Judge Carlson (Doc. 40) is **ADOPTED**; and

3. Petitioner's motion for relief from judgment (Doc. 38) is **DENIED**.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**