IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CRISTOBAL CARDONA, | : | No. 4:10cv2269 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| WARDEN B. A. BLEDSOE, | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the court is defendant's seventh motion seeking relief from judgment. (Doc. 47). For the following reasons, defendant's motion will be denied.

## **Background**

Petitioner Jose Cristobal Cardona (hereinafter "Cardona"), a federal inmate presently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, initiated the above-captioned *pro se* action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 2, 2010. (Doc. 1). In his petition, Cardona alleged that his right to due process in a disciplinary proceeding was violated.

On July 6, 2011, the court denied Cardona's petition concluding that Cardona was afforded due process in his disciplinary proceedings, the action was not arbitrary, and the Disciplinary Hearing Officer's decision was based

upon the greater weight of evidence. (See Doc. 8, Mem. & Order dated July 6, 2011 at 7-10). Subsequently, Cardona filed six separate motions seeking relief from the court's July 6, 2011 judgment. (See Docs. 9, 11, 15, 20, 26 & 38). The court denied each motion. (See Docs. 13, 24, 25, 32 & 42). On June 2, 2014, Cardona filed the instant motion, and the matter is ripe for disposition.

**Discussion**

Presently before the court is Cardona's seventh attempt to seek relief from the court's July 2011 order denying his habeas petition pursuant to Federal Rule of Civil Procedure 60(b)(2). (Doc. 47). In his latest effort, Cardona claims that he has obtained newly discovered evidence that justifies relief. After careful review, the court will deny Cardona's motion.

The Federal Rules of Civil Procedure provide that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding . . . ." FED. R. CIV. P. 60(b). Those grounds include "newly discovered evidence." FED. R. CIV. P. 60(b)(2). A Rule 60(b) motion must be filed within a reasonable time and when the motion is based on newly discovered evidence, must be filed no more than one year after the entry of judgment or order. FED. R. CIV. P. 60(c)(1).

In the present case, the court denied Cardona's habeas petition on July 6, 2011.  Thus, Cardona had one year from July 6, 2011 to file his Rule 60(b)(2) motion seeking relief from judgment.  Cardona filed a timely motion for relief from judgment on April 9, 2012.  (Doc. 20).  On May 10, 2012, however, the court deemed Cardona's motion as withdrawn for failure to file a supporting brief.  (Doc. 24).  Subsequent to receiving the court's May 10, 2012 Order, Cardona failed to file a timely Rule 60(b)(2) motion to replace the withdrawn motion.  Instead, Cardona waited almost three years from the July 6, 2011 Order before filing the instant motion.  As such, Cardona's Rule 60(b)(2) motion is untimely and will be denied.  (See Cardona v. Lewisburg, 538 F. App'x 136 (3d Cir. 2013) (affirming the court's denial of Cardona's previous Rule 60(b)(2) motion as untimely because it was filed "more than a year after the entry of judgment . . . .")).

In addition to Cardona's procedural default, his motion fails to illustrate any of the substantive grounds necessary to relieve him from a judgment.  Specifically, newly discovered evidence pursuant to Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial."  Compass

3

Tech., Inc., v. Tseng Lab., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995) (citation omitted).

In the instant matter, Cardona's "newly discovered" evidence is the procedural history of another prisoner's disciplinary record. (See Doc. 48, Exs. 1-4, Michael Luna disciplinary record).  This evidence is not material to Cardona's habeas petition because it did not involve Cardona and occurred more than three years after the disciplinary hearing at issue was held. Moreover, this evidence is cumulative of evidence Cardona has submitted in the past, which the court has repeatedly rejected.  Accordingly, Cardona has failed to establish any of the substantive grounds justifying relief under Rule 60(b)(2), and his motion will be denied.

**Conclusion**

For the reasons stated above, the court will deny Cardona's motion for relief from judgment.  An appropriate order follows.


**Date:   06/16/14**              **s/ James M. Munley**
                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**